James Juo (CA Bar No. 193852)
jjuo@fulpat.com
**FULWIDER PATTON LLP**
6060 Center Drive, Tenth Floor
Los Angeles, CA 90045
Tel: 310.824.5555
Fax: 310.824.9696
**[Additional Counsel Listed on Signature Page]**
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SPRINT SOLUTIONS, INC. and SPRINT COMMUNICATIONS COMPANY L.P., <br><br> Plaintiffs, <br> v. <br><br> PAUL CHUNG-HWAN CHUN d/b/a THE SOLUTION GROUP, ALEXANDER HAHN a/k/a EDWARD SEUNG CHUN and DONG PARK <br><br> Defendants. | Docket No.: 2:14-CV-00488 FMO (ASx) |

# FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST ALL DEFENDANTS

Plaintiffs Sprint Solutions, Inc., and Sprint Communications Company L.P. (collectively, "Sprint" or "Plaintiffs") brought the above-captioned lawsuit against Defendants Paul Chung-Hwan Chun, individually and d/b/a The Solution Group, Alexander Hahn a/k/a Edward Seung Chun and Dong Park (collectively, "Defendants"), alleging that Defendants are engaged in an unlawful enterprise

involving the unauthorized and deceptive bulk purchase and resale overseas of specially-manufactured wireless telephones designed for use on Sprint's wireless service, including the Sprint iPhone (collectively, "Sprint Phones" or "Sprint Handsets" or "Phones" or "Handsets"), the theft of Sprint's subsidy investment in the Phones, the unlawful access of Sprint's protected computer systems and wireless network, the trafficking of Sprint's protected and confidential computer passwords, and the willful infringement of Sprint's trademarks (collectively, the "Bulk Handset Trafficking Scheme" or the "Scheme").

Sprint asserts that Defendants and their co-conspirators perpetrate the Bulk Handset Trafficking Scheme by acquiring large quantities of Sprint Phones from Sprint and/or Sprint authorized retailers and dealers, and by soliciting others to purchase Sprint Phones in large quantities for the benefit of Defendants.  Sprint further contends that Defendants and their co-conspirators acquire the Sprint Phones with the knowledge and intent that the Phones will not be used on the Sprint wireless network but instead, the Phones are trafficked and the vast majority are resold as new overseas where the Phones are not subsidized by wireless carriers and are not as readily available.  In some cases, Sprint alleges, Defendants and their co-conspirators acquire the Sprint Phones with the knowledge and intent that the Phones will be computer-hacked or "unlocked," to disable software installed in the Phones by the manufacturers at the request and expense of Sprint.  The purpose of the software is to enable activation of the Sprint Phones exclusively on Sprint's wireless system and thereby allow Sprint to offer the Phones at a discount to legitimate consumers while protecting Sprint's investment in the Phone.  The illegally unlocked Phones are trafficked and resold as new by, at a premium, under the Sprint trademarks.

Sprint Phones are sold subject to terms and conditions ("Terms and Conditions") which conspicuously restrict and limit the sale and use of the Phones. These Terms and Conditions are set forth in printed inserts that are packaged with

29949425.2

each Phone and are posted on Sprint's website. Pursuant to the Terms and Conditions of Sprint Phones, purchasers agree, among other things: (a) to pay the applicable service charges and other related fees; (b) to activate the Sprint Phones on the Sprint CDMA network; (c) not to resell the Sprint Phones and related products and services; and (d) not to use the Phones for a purpose that could damage or adversely affect Sprint.

In this lawsuit, Sprint asserted claims of unfair competition, tortious interference with business relationships and prospective advantage, civil conspiracy, unjust enrichment, conspiracy to induce breach of contract, common law fraud, fraudulent misrepresentation, violations of the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.*, federal trademark infringement under 15 U.S.C. § 1114, federal common law trademark infringement and false advertising under 15 U.S.C. § 1125(a)(1)(A) and (B), contributory trademark infringement and conversion and unfair competition under Califonia Business & Professions Code § 17200, *et seq*. Based on the respective positions advocated by the parties, and having reviewed the Complaint and file and being otherwise duly and fully advised in the premises, it is hereby:

**ORDERED**, **ADJUDGED** and **DECREED** that:

1. This Court has jurisdiction over all the parties and all of the claims set forth in Sprint's Complaint.

2. The Court finds that Sprint has the right to use and enforce rights in the standard character Sprint® mark and stylized Sprint® Virgin Mobile, payLo, Assurance Wireless and Boost Mobile trademarks (collectively, the "Sprint Marks"), as depicted below:



29949425.2

  

Sprint uses the Sprint Marks on and in connection with its telecommunications products and services.  The Sprint Marks are valid, distinctive, protectable, famous, have acquired secondary meaning, and are associated exclusively with Sprint.

3. The Court finds that the Terms and Conditions and the language in and on the packaging constitute a valid and binding contract enforceable between Sprint and each of its customers.  The Court finds the Terms and Conditions set forth certain rights and restrictions on the use of Sprint Phones.  Among other things, the Terms and Conditions: (a) require that the customer pay applicable service charges and other related fees; (b) indicate that the Phone is designed to be activated on the Sprint CDMA network; (c) prohibit resale of Sprint Phones and related products and services; and (d) prohibit using the Phones for a purpose that could damage or adversely affect Sprint, for which Sprint is entitled to relief.

4. The Court finds that the conduct set forth in the Complaint constitutes violations of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a)(1)(A) and (B) (federal trademark infringement and false advertising).  The Court further finds that the conduct also constitutes unfair competition, tortious interference with business relationships and prospective advantage, civil conspiracy, unjust enrichment, conspiracy to induce breach of contract, common law fraud, fraudulent misrepresentation, violations of the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.*, contributory trademark infringement and conversion and unfair competition under Califonia Business & Professions Code § 17200, *et seq*.

5. Sprint has suffered damages, including loss of goodwill and damage to its reputation, as a result of Defendants' conduct.  On review and consideration of all relevant factors, Sprint is entitled to damages and injunctive relief on the claims as set forth in the Complaint.

29949425.2

6. Final judgment is hereby entered against Defendants Paul Chung-Hwan Chun, individually and d/b/a The Solution Group, Alexander Hahn a/k/a Edward Seung Chun and Dong Park, jointly and severally, and in favor of the Plaintiffs, on all of the claims set forth in Plaintiffs' Complaint in the principal amount of Five Million Dollars and Zero Cents ($5,000,000.00 (U.S.)), which shall bear interest at the legal rate, for which let execution issue forthwith.

7. Defendants and all of their past and present agents, employees, heirs, personal representatives, beneficiaries, relatives, and all other persons or entities acting or purporting to act for them or on their behalves, including, but not limited to, any corporation, partnership, proprietorship or entity of any type that is in any way affiliated or associated with Defendants or Defendants' representatives, agents, assigns, employees, independent contractors, associates, servants, and any and all persons and entities in active concert and participation with Defendants who receive notice of this Order, shall be and hereby are PERMANENTLY ENJOINED from:

    a. purchasing, selling, unlocking, reflashing, altering, advertising, soliciting and/or shipping, directly or indirectly, any Sprint Phones;

    b. supplying Sprint Phones to or facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in the purchase or sale of Sprint Phones or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in Sprint Phones;

    c. engaging in any of the conduct described in the Complaint as the "Bulk Handset Trafficking Scheme;"

    d. supplying Sprint Phones to or facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in any of the acts prohibited under

29949425.2

        this Permanent Injunction, including, without limitation, the buying and/or selling of Sprint Phones; and

    e.    knowingly using the Sprint Marks or any other trademark, service mark, trade name and/or trade dress owned or used by Sprint now or in the future, or that is likely to cause confusion with Sprint's Marks, without Sprint's prior written authorization.

8.    The purchase, sale or shipment of any Sprint Phones without Sprint's prior written consent within and/or outside of the continental United States is and shall be deemed a presumptive violation of this permanent injunction.

9.    The addresses of Defendants are as follows:

Paul Chung-Hwan Chun, *individually*
5563 Muir Drive
Buna Park, California 90621

*and d/b/a The Solution Group*
9107 Wilshire Boulevard, Suite 450
Beverly Hills, California 90210

Alexander Hahn a/k/a Edward Seung Chun
580 N. Arden Place
Beverly Hills, California 90210

Dong Park
333 Westminster Avenue, Apt. 402
Los Angeles, California 90020

10.    Defendants waive any and all rights to challenge the validity of this Final Judgment, and specifically waive their right of appeal from the entry of this Final Judgment.

11.    The Court retains jurisdiction over this matter and the parties to this action in order to enforce any violation of the terms of this Permanent Injunction by a finding of contempt and an order for payment of compensatory damages to

Plaintiffs in an amount of $5,000 for each Sprint Phone that Defendants are found to have purchased, sold or unlocked in violation of this Injunction.  The Court finds that these amounts are compensatory and will serve to compensate Sprint for its losses in the event Defendants violate the terms of this Order.

      12.    The Court hereby finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay and orders that Judgment shall be entered against Defendants as set forth herein.

DONE AND ORDERED this 25th day of November, 2014.

        /S/  FERNANDO M. OLGUIN     .
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

All Counsel of Record

29949425.2